UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

IRVIN FULLER                                                                 PLAINTIFF

V.                    No. 4:20CV00002-BSM-JTR

EAVENS, Deputy,
Pulaski County Detention Center                                 DEFENDANT

## **ORDER**

Plaintiff Irvin Fuller ("Fuller"), a pretrial detainee in the Pulaski County Detention Facility, has filed a *pro se* § 1983 Complaint alleging that Defendant Deputy Eavens ("Eavens") violated his constitutional rights. *Doc. 2.* Before Fuller may proceed with this case, the Court must screen his claims.[1]

Fuller alleges that, when he was moved to a new unit on August 10, 2019, he told Eavens that he had a "lower level/lower bunk pass." According to Fuller, Eavens said he could either get on a top bunk or go to ad seg. Later that night, Fuller fell getting down out of the top bunk, injuring his ankle. He is 62 years old and, three months after falling, still experiences swelling and pain. *Doc. 2 at 4.*

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

The Court concludes, *for screening purposes only*, that Fuller has pled a plausible § 1983 claim against Eavens. Thus, service will be ordered.

IT IS THEREFORE ORDERED THAT:

1. Fuller may PROCEED with his § 1983 claim against Deputy Eavens.

2. The Clerk is directed to prepare a summons for Eavens at the Pulaski County Detention Facility. The United States Marshal is directed to serve the summons, Complaint (*Doc.2*), and this Order, on Eavens without prepayment of fees and costs or security therefor.[2]

DATED this 9th day of January, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] If Eavens is no longer a Pulaski County employee, the individual responding to service must file a sealed statement providing the last known private mailing address.